| | |
|---|---|
| 1 | Valerie M. Goo (State Bar No. 187334) |
| 2 | vgoo@crowell.com |
|   | CROWELL & MORING LLP |
| 3 | 515 South Flower St., 40th Floor |
| 4 | Los Angeles, CA 90071 |
|   | Tel: (213) 622-4750 |
| 5 | Fax: (213) 622-2690 |
| 6 | |
| 7 | Mark M. Supko (Of Counsel) |
|   | msupko@crowell.com |
| 8 | CROWELL & MORING LLP |
| 9 | 1001 Pennsylvania Avenue, NW |
|   | Washington, DC 20004 |
| 10 | Tel: (202) 624-2734 |
| 11 | Fax: (202) 628-5116 |
| 12 | |
|   | *Attorneys for Plaintiff* |
| 13 | *WONDERLAND NURSERY GOODS* |
| 14 | *CO., LTD.* |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT;** |
| v. | |
| BABY TREND, INC., | **JURY DEMAND** |
| Defendant. | |

Plaintiff Wonderland Nurserygoods Co., Ltd. ("Wonderland" or "Plaintiff") files this complaint for patent infringement ("Complaint") against Defendant Baby Trend, Inc. ("Baby Trend" or "Defendant"), and in support thereof alleges, based on actual knowledge as to Wonderland's own activities and on information and belief as to the activities of others, as follows.

## Nature of the Case

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, specifically including 35 U.S.C. § 271.

2. As set forth in detail below, Baby Trend has infringed Wonderland's U.S. Patent No. 6,979,017 ("the '017 Patent" or the "Patent-in-Suit"), by making, using, selling and/or offering to sell in the United States, and/or importing into the United States, certain stroller products incorporating Wonderland's patented invention (the "Accused Products").

3. Concurrently with the filing of this Complaint, Wonderland is filing a Complaint with the U.S. International Trade Commission alleging violations of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337") arising from, *inter alia*, Baby Trend's unfair importation of the Accused Products and resulting infringement of the Patent-in-Suit.

## The Parties

4. Wonderland is a company organized and existing under the laws of Taiwan, with a principal place of business at Rui Kwang Road, No. 433, 10th Floor, Neihu, Taipei, Taiwan.

5. Upon information and belief, Baby Trend is a corporation organized and existing under the laws of California, with its headquarters at 1607 S. Campus Avenue, Ontario, California 91761.

## Jurisdiction and Venue

6. This case arises under the patent laws of the United States, 35 U.S.C. § 1 *et. seq.* This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Baby Trend at least because Baby Trend is incorporated in California and has a regular and established place of business within this District.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and/or 1400(b) because Baby Trend resides in this District, and because it has committed acts of patent infringement in this District and has a regular and established place of business within this District.

## The Patent-in-Suit

9. U.S. Patent No. 6,979,017, titled "Foldable Frame Assembly for a Foldable Stroller," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 27, 2005. The '017 Patent issued from U.S. Patent Application No. 10/644,663, filed August 19, 2003. Wonderland is the lawful owner by assignment of all rights, title, and interest in and to the '017 Patent, including the right to sue for infringement and damages (including past damages). A true and correct copy of the '017 Patent is attached hereto as Exhibit A.

10. The '017 Patent describes a foldable frame assembly for a stroller that has a simple construction and that, when implemented, is comparatively easy to fabricate at a relatively low cost. The foldable frame contains numerous parts, with one of the parts including components arranged to connect and be movable with respect to one another. The various components of the one part include a locking unit with a socket and a plug being configured to mate with each other.

11. Claim 1 of the '017 Patent recites:

1. A foldable frame assembly for use in a foldable stroller which includes front left and front right wheels spaced apart from each other in a longitudinal direction, rear left and rear right wheels spaced apart from each other in the longitudinal direction and spaced apart from said front left and front right wheels respectively in a transverse direction, and a handle extending in the longitudinal direction and spaced apart from the rear left and rear right wheels in an upright direction that is transverse to the transverse direction and the longitudinal direction, said foldable frame assembly comprising:

left and right frame units which are spaced apart from each other in the longitudinal direction, said left frame unit being adapted to carry and to be disposed upwardly of the front and rear left wheels, said right frame unit being adapted to carry and to be disposed upwardly of the front and rear right wheels, one of said left and right frame units including three parts, wherein at least one of the three parts comprises:

an anchored coupler which defines a first axis, and which has an anchored region extending along one of a second axis that is parallel to and that is offset from the first axis, and a radial line relative to the first axis,

an anchoring coupler which has a proximate segment and a distal segment extending from said proximate segment along said one of the second axis and the radial line,

a locking unit including a socket which is disposed on one of said anchored region and said proximate segment, and a plug which is disposed on the other one of said anchored region and said proximate segment, said socket and said plug being configured to mate with each

other and to be movable relative to each other along said one of the second axis and the radial line and between a locked position, where said proximate segment is prevented from moving away from said anchored region along said one of the second axis and the radial line, and an unlocked position, where said proximate segment is permitted to be turned about a third axis which extends in the longitudinal direction,

a linking lever which defines a length, and which has a connected end and a pivoted end opposite to said connected end along the length, and

a linkage including an engaging end engaging said distal segment, and a coupling end pivoted to said pivoted end about the third axis such that when said locking unit is in the unlocked position, said connected end is turnable about the third axis to permit folding of said foldable frame assembly.

## Baby Trend's Infringing Products

12. On information and belief, Baby Trends makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States, products that satisfy each and every limitation of one of more claims of the Patent-in-Suit, either literally or under the doctrine of equivalents.  These Accused Products include, but are not limited to, the Sit N' Stand Double Stroller, Sit N' Stand Ultra/Deluxe Stroller, Sit N' Stand Sport Stroller, and Snap-N-Go Double.

## COUNT I

## Infringement of U.S. Patent No. 6,979,017

13. Wonderland incorporates by reference the allegations in Paragraphs 1 through 12 above.

- 4 -

14. On information and belief, Baby Trend has directly infringed, and continues to directly infringe, claims 1-6 of the '017 Patent, either literally or under the doctrine of equivalents, by making, using, selling, or offering to sell the Accused Products in the United States, and/or importing the Accused Products into the United States.

15. The claim chart attached as Exhibit B illustrates how the Accused Products infringe independent claim 1 of the '017 Patent, based on information currently available to Wonderland. This illustrative claim chart is not intended to limit the scope of Wonderland's infringement claim in any way, and is intended to be without prejudice to Wonderland's ability to assert different or additional claims of the '017 Patent against Baby Trend and/or to apply such claims to the Accused Products or additional products differently in view of additional information that Wonderland may acquire during the course of the litigation.

16. The Accused Products satisfy each and every limitation of claims 1-6 of the '017 Patent, either literally or under the doctrine of equivalents. Baby Trend sells and offers to sell the Accused Products to retail customers in the United Sates for resale throughout the United States, including customers in this judicial district. Baby Trend thus directly infringes the '017 Patent in violation of 35 U.S.C. § 271(a).

17. Baby Trend will have been aware of the '017 Patent at least since the time it is served with a copy of this Complaint, and Baby Trend thereafter knew or should have known that the Accused Products infringe the '017 Patent since at least that time.

18. On information and belief, since at least the time Baby Trend was served with a copy of this Complaint, Baby Trend has induced the direct infringement of the '017 Patent by others in violation of 35 U.S.C. § 271(b). For example, and not by way of limitation, Baby Trend induces direct infringement of the '017 Patent by its retail customers by selling the Accused Products to such retail customers for the express purpose of enabling them to sell and/or offer to sell such products to end-user customers,

- 5 -

knowing that such selling and/or offering to sell the Accused Products by such retail customers will directly infringe the '017 Patent. Similarly, Baby Trend induces direct infringement of the '017 Patent by such end-user customers not only by the foregoing sales activity, but also by providing product literature (*e.g.*, assembly instructions, user guides) and customer support to facilitate such end-user customers' use of the Accused Products, knowing and intending that such products be used in a manner that directly infringes the '017 Patent.

19. Baby Trend's infringement of the '017 Patent has caused Wonderland to suffer substantial monetary harm, including price erosion relating to the sale of competing products by Wonderland's customers, including by not limited to Graco Children's Products Inc., in the same markets served by Baby Trend's retail customers. At a minimum, Wonderland is entitled to a reasonable royalty for Baby Trend's infringement of the '017 Patent.

20. Baby Trend's infringement of the '017 Patent has caused and will continue to cause irreparable harm to Wonderland for which there is no adequate remedy at law, including but not limited to lost market share and/or lost goodwill that Wonderland would otherwise garner as the recognized innovator and sole authorized source of supply for stroller products covered by the '017 Patent.

21. At least since the time Baby Trend was served with this Complaint, Baby Trend's infringement of the '017 Patent has been willful, done deliberately and with full knowledge that the manufacture, use, sale, or offer to sell the Accused Products in the United States, and/or the importation of the Accused Products into the United States, infringes the '017 Patent, and without any reasonable, good-faith belief that the '017 Patent is invalid, thereby justifying an increase in the damages to be awarded Wonderland of three times the amount found or assessed, in accordance with 35 U.S.C. § 284.

22. Baby Trend's willful infringement of the '017 Patent renders this an exceptional case within the meaning of 35 U.S.C. § 285, justifying an award to Wonderland of its reasonable attorney fees incurred in connection with this litigation.

## **REQUEST FOR RELIEF**

WHEREFORE, Wonderland seeks a judgment in its favor granting the following relief:

A. A finding that Baby Trend has infringed the Patent-in-Suit;

B. A preliminary and permanent injunction barring Baby Trend, and all persons acting in concert with Baby Trend, from infringing the Patent-in-Suit;

C. An award of monetary damages pursuant to 35 U.S.C. § 284 in an amount adequate to compensate Wonderland for Baby Trend's infringement of the Patent-in-Suit;

D. An order requiring Baby Trend to pay Wonderland supplemental damages for any post-verdict infringement of the Patent-in-Suit through entry of final judgment, with an accounting, as needed;

E. A finding that Baby Trend's infringement of the Patent-in-Suit has been willful;

F. An increase in the damages awarded to Wonderland of three times the amount found by the jury or assessed by the Court, pursuant to 35 U.S.C. § 284;

G. A finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and a corresponding award of Wonderland's reasonable attorney fees incurred in connection with this litigation;

H. An award of pre-judgment interest, post-judgment interest, and costs, in amounts to be fixed by the Court;

I. Should the Court not issue a permanent injunction, an award of an ongoing royalty for any continued infringement of the Patent-in-Suit by Baby Trend after the entry of final judgment, in an amount to be determined by the Court; and

J. Any additional and further relief the Court may deem just and proper under the circumstances.

Dated: November 23, 2021

_____
Valerie M. Goo (State Bar No. 187334)
Crowell & Moring LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
*vgoo@crowell.com*
Tel: (213) 622-4750
Fax: (213) 622-2690

Mark M. Supko (Of Counsel)
msupko@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2734
Fax: (202) 628-5116

*Attorneys for Plaintiff*
*Wonderland Nurserygoods Co., Ltd.*

# JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Wonderland hereby demands a trial by jury on all issues so triable.

Dated: November 23, 2021

Valerie M. Goo (State Bar No. 187334)
Crowell & Moring LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
*vgoo@crowell.com*
Tel: (213) 622-4750
Fax: (213) 622-2690

Mark M. Supko (Of Counsel)
msupko@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:  (202) 624-2734
Fax:  (202) 628-5116

*Attorneys for Plaintiff*
*Wonderland Nurserygoods Co., Ltd.*